**NOT RECOMMENDED FOR PUBLICATION**

No. 26-5301

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 13, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| OTAR TOIDZE,<br><br>Petitioner-Appellant,<br><br>v.<br><br>CHRISTOPHER S. BULLOCK, in his official capacity as Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |

O R D E R

Before: NORRIS, STRANCH, and MATHIS, Circuit Judges.

This matter is before the court upon Christopher S. Bullock's motion to dismiss for lack of jurisdiction.

Otar Toidze, a citizen of the Republic of Georgia, entered the United States in 2023. He was detained in New York City and released on his own recognizance. He was later arrested and detained by Immigration and Customs Enforcement and transferred to the West Tennessee Detention Center under 8 U.S.C. § 1225(b)(2)(A), which authorizes mandatory detention for "an applicant for admission."

In March 2026, Toidze filed a 28 U.S.C. § 2241 habeas corpus petition challenging his arrest and detention. He argued that he should not be held under § 1225(b)(2)(A) and that his case should instead be processed under 8 U.S.C. § 1226(a), which permits detention, release on bond, or probation. He alleged violations of the Administrative Procedure Act, the Immigration and

Nationality Act, and the Fourth and Fifth Amendments relating to his re-arrest and re-detention. He asked the court to grant the writ, order his immediate release, and declare his detention unlawful in light of his prior release on his own recognizance. The district court denied the petition, concluding that Toidze failed to exhaust his statutory claims and that mandatory detention under § 1225 did not violate the Constitution. Toidze appealed.

On May 11, 2026, approximately five weeks after Toidze filed his notice of appeal, we decided *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). There, we held that the mandatory detention provision of § 1225(b)(2)(A) applied only to those noncitizens seeking admission at the border, *id*. at 732, and that unadmitted noncitizens found in the country's interior were subject to detention under § 1226(a) and entitled to bond hearings, *id*. 734. On July 22, 2026, Toidze appeared before an immigration judge, who denied him release from custody after finding that he "failed to meet his burden as to flight."

Bullock now moves to dismiss the appeal as moot. He asserts that Toidze's habeas petition challenged the lawfulness of his detention without a bond hearing. Now that Toidze has received a bond hearing, Bullock argues that a controversy no longer exists and this court should dismiss the appeal for lack of subject-matter jurisdiction. Toidze has not responded to the motion to dismiss.

"Article III denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam)). This case-or-controversy requirement exists "through all stages of federal judicial proceedings, trial and appellate." *Id.* Without a live controversy to resolve, courts lack jurisdiction to declare "that past actions which have no demonstrable continuing effect were right or wrong." *Hanrahan v. Mohr*, 905 F.3d 947, 962 (6th Cir. 2018) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-21 (1991) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Where interim relief or events have "completely . . . eradicated the effects" of an alleged violation of law and there is "no

reasonable expectation that the alleged violation will recur," a case is moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation modified). The party claiming mootness bears a "heavy" burden. *Id.* (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 632-33 (1953)).

Bullock has not demonstrated that this appeal is moot. Although Toidze did seek a bond hearing, which he has now received, he also raised claims regarding the constitutionality of his arrest and detention without a pre-deprivation hearing, which he continues to assert in his appellate brief. These claims have not been adjudicated under the framework of § 1226(a). Therefore, the fact that he received a bond hearing has not "completely . . . eradicated the effects of the alleged violation" of law. *Davis*, 440 U.S. at 631. This is especially true given that Toidze remains in custody. If he were to succeed on his claims that his arrest following his 2023 release on his own recognizance was unconstitutional, it could result in his release; he retains a legally cognizable interest in the resolution of those claims.

This court, however, is "a court of review, not first view." *Taylor v. City of Saginaw*, 11 F.4th 483, 489 (6th Cir. 2021) (quoting *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015)). We "generally cannot consider an issue not passed on below." *St. Marys Foundry, Inc. v. Emps. Ins. of Wausau*, 332 F.3d 989, 995 (6th Cir. 2003) (citation modified). Rather, our "customary practice" is to remand for the district court to address the issue. *Houston*, 792 F.3d at 669.

The motion to dismiss the appeal as moot is therefore **DENIED** and the appeal is **REMANDED** to the district court for further proceedings.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens

Kelly L. Stephens, Clerk